# EXHIBIT E



**ARKIN SOLBAKKEN LLP**

590 Madison Avenue
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

**Stanley S. Arkin**
Senior Partner
Direct Dial: (212) 333-0208
Direct Fax: (212) 333-0246
E-mail: sarkin@arkin-law.com

May 7, 2013

**By Hand**

Hon. Lewis A. Kaplan, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom: 21B
New York, NY 10007-1312

Re: *Lichtenstein v. Cader*, 13-civ-2690-LAK

Dear Judge Kaplan:

    We represent Plaintiff in the above referenced action, and write to respectfully request the Court's assistance in respect to Defendant's refusal to schedule a conference in violation of the Federal and Local Rules. Specifically, Federal Rule of Civil Procedure 26(f) provides that "the parties must confer as soon as is practicable" and that the parties "are jointly responsible for arranging the conference." Plaintiff's counsel requested twice last week that Defendant's counsel provide times this week during which he was available to confer. *See* Exs. A & C. Defendant's counsel did not dispute that a conference this week is practicable, but nevertheless refused to even attempt to schedule such a conference. *See* Exs. B & D.[1]

    To provide some background, this action arises from a conspiracy to defraud Plaintiff by Annabelle Bond (the mother of their child born out of wedlock) and Defendant Andrew Cader. *See* Complaint at Ex. E. Mr. Cader and Ms. Bond's acts include a series of false representations that intentionally mischaracterize as loans the millions of dollars in cash and gifts Mr. Cader has given to Ms. Bond. These misrepresentations are material and were relied on in a proceeding pending in Hong Kong, causing the Court there to on an interim basis issue the largest reported child maintenance order ever rendered in Hong Kong, or, indeed, any place in the western world. Plaintiff alleges that Mr. Cader and Ms. Bond will continue to proffer these false statements as a means to secure a permanent foreign support order of unjustified magnitude, unless Plaintiff can uncover the truth in time.

    Ms. Bond's case against Plaintiff in Hong Kong is hastening forward. As a practical matter, Mr. Cader is not available as a witness or provider of documents in Hong Kong. In light of this,

---

[1] Defendant's refusal to schedule a conference violates not only Federal Rule 26(f), but also Local Rule 26.4 of this Court, which provides that: "Counsel are expected to cooperate with each other . . . in all phases of the discovery process . . . including in matters relating to scheduling and timing of various discovery procedures."

 ARKIN
SOLBAKKEN LLP

May 7, 2013
Page 2

Defendant's apparent hope is that if he can hide the truth that his "loans" were actually gifts for long enough, the Hong Kong Court will issue its final order in reliance on the false representations. Specifically here, Defendant's improper refusal to schedule the conference is a transparent attempt to delay and obstruct discovery (and the determination of the truth). Indeed, Defendant's counsel did not dispute that these are indeed Defendant's purposes in declining to schedule the conference. *See* Exs. B & D.

The issue is whether there is a conspiracy and the aiding and abetting of a tortious act, conducted in whole or in part here in New York City. All wire transfers to Ms. Bond, we believe, originated in New York City, as did the agreement to misrepresent the facts to the court in Hong Kong.

Plaintiff has repeatedly made the simple and direct request to Mr. Cader and Ms. Bond that they provide the documents and testimony to support the claim that the transfers were loans. Mr. Cader's attempt to construct procedural and personal obstructions creates ever more circumstantial evidence of his wrongdoings. It would seem Defendant's counsel could provide determinative information on the fact at issue almost instantaneously. Why won't Mr. Cader simply tell Plaintiff whether the over $4 million he gave Ms. Bond was a loan or a gift or produce documents evidencing the same?

Thus, for the reasons stated above, Plaintiff respectfully requests that the Court direct Defendant to comply with Federal Rule 26(f) and schedule and participate in a conference as soon as is practicable this week.

Respectfully submitted,

ARKIN SOLBAKKEN LLP

By: _____
Stanley S. Arkin

590 Madison Avenue, 35th Floor
New York, New York 10022

*Attorneys for Plaintiff Warren Lichtenstein*

cc: Seth Lapidow, Esq.
    Attorney for Defendant