USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WARREN LICHTENSTEIN,

                Plaintiff,

      - against-

ANDREW CADER,

                Defendant.
------------------------------------------------------------X

ORDER

13 Civ. 2690 (LAK) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

    This case has been referred to me for general pre-trial supervision, and to prepare a report and recommendation with respect to any dispositive motion (Dkt. No 5). The Court has received correspondence from the parties in which Plaintiff seeks to have the Court direct that Defendant comply with Rule 26(f) of the Federal Rules of Civil Procedure and schedule and participate in a discovery conference as soon as practicable. Defendant opposes the request so that the Court can first determine – by adjudicating Defendant's motion to dismiss the complaint filed yesterday – whether the case is properly before this Court.

    While the issuance of a stay of discovery pending the outcome of a motion to dismiss is "by no means automatic," *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quotation omitted), such a motion may provide good cause for a protective order pursuant to Fed. R. Civ. P. 26(c). In assessing good cause in this context, courts consider a number of factors, including the breadth of discovery sought and the burden of responding to it, as well as the strength of the dispositive motion. *Id.* (citations omitted). While the parties are sparring over the mere scheduling of a Rule 26(f) conference, the real question is whether discovery should be stayed pending the resolution of the motion to dismiss.

    Accordingly, the Court directs each party to submit a letter, no longer than three pages, by May

USDC SDNY
DATE SCANNED 5/10/13

17, 2013, addressing whether discovery should be stayed during the pendency of the motion to dismiss. If the Court determines that there should be a stay, then no Rule 26(f) conference will be ordered at this time.

Finally, the Court notes that in his letter dated May 1, 2013 (Exhibit A to the May 7 letter to Judge Kaplan), Plaintiff's counsel wrote to his adversary that "[p]ursuing this case on issues of comity and broad issues of international law would be highly interesting . . . [b]ut the right thing to do is to handle it quickly and forthrightly." The Court agrees entirely with the sentiment quoted herein, and to that end offers its services to the parties for an early settlement conference in advance of the briefing and adjudication of the motion to dismiss. If the parties are interested in proceeding in this fashion, they should so advise the court in their May 17 letters and a settlement conference will be scheduled promptly thereafter.

**SO ORDERED.**

Dated: New York, New York
May 10, 2013

_____
JAMES L. COTT
United States Magistrate Judge