USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/6/13_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WARREN LICHTENSTEIN,          :     **REPORT AND**
                           :     **RECOMMENDATION**
         Plaintiff,     :
                           :     13 Civ. 2690 (LAK) (JLC)
        -v.-               :

ANDREW CADER,            :
                           :
         Defendant.    :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Lewis A. Kaplan, United States District Judge:**

On April 24, 2013, plaintiff Warren Lichtenstein filed his complaint in this diversity case, alleging conspiracy to commit fraud and aiding and abetting fraud against defendant Andrew Cader. (Dkt. No. 1). On May 9, 2013, Judge Kaplan referred this case to me for general pre-trial supervision, and to prepare a report and recommendation with respect to any dispositive motion. (Dkt. No. 5). On May 22, 2013, the parties appeared for a conference before me to address defendant's application to stay discovery during the pendency of his motion to dismiss, which he had filed on May 9, 2013. (Dkt. No. 6). Following the conference, I temporarily stayed the proceedings and ordered counsel for both parties to provide updates to the Court about a related action in Hong Kong that was initiated by plaintiff before he filed his complaint in this action. (Dkt. No. 11).

With the Court's approval, plaintiff filed an amended complaint on June 4, 2013. (Dkt. Nos. 11, 12). On July 30, 2013, after a second conference on July 17, 2013 at which I stayed discovery (except in one limited respect) and gave defendant permission to renew his motion to dismiss the amended complaint, both parties provided the Court with a copy of the decision in the Hong Kong proceeding. In response to the amended complaint, on August 13, 2013

USDC SDNY
DATE SCANNED __9/6/13__

defendant renewed his motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

supported by a memorandum of law and an affidavit attaching the Hong Kong decision.[1]  On

August 19, 2013, without a court order (and without invoking any Federal Rule of Civil

Procedure), plaintiff filed a voluntary "notice of dismissal" without prejudice. (Dkt. No. 21).

On August 21, 2013, presumably seeking to have the amended complaint dismissed <u>with</u>

prejudice (though he did not say so explicitly), defendant sent me a letter requesting that the

Court reject plaintiff's notice of dismissal <u>without</u> prejudice ("Def. Letter").  By letter also dated

August 21, plaintiff responded with arguments as to why the Court should accept his notice of

dismissal without prejudice ("Pl. Letter").[2]  For the reasons set forth below, I recommend

approving plaintiff's notice of dismissal without prejudice.[3]

A resolution of the issue presented – whether plaintiff may dismiss his case without

prejudice and without a court order after the filing of defendant's motion to dismiss – requires an

examination of Rule 41(a) of the Federal Rules of Civil Procedure, which provides that a

plaintiff may "dismiss an action without a court order by filing . . . a notice of dismissal before

the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P.

41(a)(1)(A)(i).  The Rule adds that, "[u]nless the notice . . . states otherwise, the dismissal is

---

[1]  When defendant submitted his renewed motion to dismiss, he simultaneously moved for leave to file the motion to dismiss and supporting documents under seal because the Hong Kong decision had not yet been made public. (Dkt. No. 18). As the Hong Kong decision that gave rise to the motion subsequently became a matter of public record, the motion to seal was effectively rendered moot and was not adjudicated.  Defendant never filed his underlying motion papers on the docket.

[2]  The Court will docket the letters submitted by the parties and make them part of the record.

[3]  Under Rule 41(a)(1)(A), no court order is required for a voluntary dismissal without prejudice, so if the Court approves plaintiff's notice, it does not need to "so order" it. *See, e.g., Omega U.S. Ins.v. Pennsylvania Nat. Mut. Cas. Ins Co.*, No. ELH-11-2297, 2012 WL 115422, at *3 (D. Md. Jan. 13, 2012) (notice of voluntary dismissal is "self-executing, *i.e.*, it is effective at the moment the notice is filed with the Clerk and no judicial approval is required") (*quoting Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)).

without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Defendant argues that because his motion to dismiss relied on materials outside the pleadings – specifically, "the written final judgment entered by the Hong Kong High Court and the factual and legal findings made therein" – it is convertible into a motion for summary judgment pursuant to Rule 12(d), thereby precluding plaintiff's voluntary dismissal without prejudice. Def. Letter at 1-2.[4] Plaintiff argues that rejecting his voluntary notice of dismissal would be improper because the Court may take judicial notice of the now-publicly available Hong Kong judgment and defendant's reliance "upon material of which a court may take judicial notice is insufficient . . . to convert a motion to dismiss to summary judgment." Pl. Letter at 1.

Defendant's analysis of Rules 12(d) and 41(a)(1)(A)(i) misses the mark. While it is true that a court may convert a motion to dismiss into one for summary judgment pursuant to Rule 12(d) if the parties present (and the court does not exclude) matters outside the pleadings, courts may, as plaintiff correctly notes, consider items subject to judicial notice and matters of public record without converting a motion to dismiss into one for summary judgment. *See, e.g.,* *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (when ruling on Rule 12(b)(6) motions, courts may properly consider matters subject to judicial notice) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)); *Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012) ("Judicial notice of public records is appropriate — and does not convert a motion to dismiss into motion for summary judgment — because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy

---

[4]  Although not cited specifically in his letter, defendant ostensibly relies on Rule 12(d), which provides that: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

cannot be reasonably questioned."). Indeed, a case cited by defendant, *JTS Corp. v. GFL Advantage Fund Ltd.*, explicitly states that "[t]he Court may take judicial notice of matters of public record . . . in deciding a motion to dismiss" and such facts are not "the sort which would require conversion of the motion to one for summary judgment." No. 98 Civ. 497 (BSJ), 1999 WL 731606, at *4 n.3 (S.D.N.Y. Sept. 20, 1999).

Notably, foreign judgments are matters subject to judicial notice. *See, e.g., Jordan (Berm.) Inv. Co. v. Hunter Green Invs. Ltd* ("*Jordan*"), 154 F. Supp. 2d 682, 689 (S.D.N.Y. 2001) (taking judicial notice of foreign judgment and considering it in deciding motion to dismiss where judgment was "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'" (quoting Fed. R. Evid. 201(b)(2))); *A.I. Trade Fin. v. Centro Internationale Handelsbank AG*, 926 F. Supp. 378, 387 (S.D.N.Y. 1996) ("Rule 201 permits a court to take judicial notice of a foreign judgment.") (citing *Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Cafe*, 566 F.2d 861, 862 (2d Cir. 1977)).

Furthermore, foreign judgments are not treated as matters outside the pleadings for purposes of a motion to dismiss where, as here, a defendant raises the affirmative defense of collateral estoppel. Defendant's Memorandum of Law, dated Aug. 13, 2013, at 15-17 ("The Hong Kong High Court's Rulings Are Entitled to Preclusive Effect Under New York Law"). *See Jordan*, 154 F. Supp.2d at 689 (taking judicial notice of foreign judgment where it was offered in connection with defendant's collateral estoppel argument) (citing *Conopco, Inc., v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000)); *Apostolou v. Merrill Lynch & Co.*, No. 06 Civ. 4944 (RJD) (LB), 2007 WL 2908074, at *4 (E.D.N.Y. Oct. 5, 2007) ("In considering the question of collateral estoppel on a Rule 12(b)(6) motion, the Court 'can consider the prior opinion of the other court . . . without violating the rule that prohibits examination of materials outside the

4

complaint.'" (quoting *Hvide Marine Int'l, Inc. v. Employers Ins. of Wausau*, No. 88 Civ. 1523, 1989 U.S. Dist. LEXIS 13528, at *7 (S.D.N.Y. Nov. 15, 1989))).[5] Here, the written final decision of the Hong Kong High Court is publicly available, and, as a foreign judgment, is clearly subject to judicial notice.[6] Therefore, because defendant raised a collateral estoppel argument in his motion papers and the Court could take judicial notice of the judgment without converting the motion to dismiss into one for summary judgment, it would be improper to refuse to dismiss the case pursuant to Rule 41(a)(1)(A)(i).

Finally, even if the Hong Kong judgment was a matter outside the pleadings such that the Court should convert defendant's motion to dismiss into a summary judgment motion, "such action is inappropriate unless the [opposing] part[y] [is] given notice and an opportunity to respond appropriately" by presenting all material made pertinent to such a motion by Rule 56. *Jordan*, 154 F. Supp. 2d at 688-89 (citing Fed. R. Civ. P. 12(d)). "Ordinarily, this means that a district court 'must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading.'" *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999)). While explicit notice of the court's intention to convert a motion may not always be necessary, "'[t]he essential inquiry is whether . . . [a party] should reasonably

---

[5] Some courts have held that if it is necessary to examine other pleadings in a prior case, "the proper practice would be to convert the motion to dismiss into a motion for summary judgment under Rule 56." *Apostolou*, 2007 WL 2908074, at *4. *But see Gertskis v. U.S. E.E.O.C.*, No. 11 Civ. 5830 (JMF), 2013 WL 1148924, at *1 (S.D.N.Y. Mar. 20, 2013) ("A district court reviewing a motion to dismiss may also consider documents of which it may take judicial notice, including pleadings and prior decisions in related lawsuits.") In any event, conversion is not required here because defendant only submitted the final judgment of the Hong Kong court and not other pleadings.

[6] The judgment is available at the following web address: http://legalref.judiciary.gov.hk/lrs/common/search/search_result_detail_frame.jsp?DIS=88311&QS=%2B&TP=JU

have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.'" *Sabeniano v. Citibank, N.A.*, No. 12 Civ. 1928 (ALC) (DCF), 2013 WL 1164891, at \*2 (S.D.N.Y. Mar. 20, 2013) (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985)).

Here, plaintiff had not even responded to the motion to dismiss, much less presented material relevant to a motion for summary judgment, when he filed his notice of dismissal. Neither party has submitted extrinsic material such as exhibits, affidavits, counter-affidavits, or depositions, in support of or in opposition to the motion to dismiss that would serve to put plaintiff on notice that the Court might convert the motion to one for summary judgment. *Cf. In re G. & A. Books*, 770 F.2d at 295. Nor could the title of defendant's notice of motion – "Defendant Andrew Cader's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" – provide adequate notice to plaintiff that the motion could be converted into one for summary judgment as it fails to make any reference to Rule 56. *See, e.g., Sahu*, 548 F.3d at 69; *see also Jordan*, 154 F. Supp. 2d at 689 ("Even where additional materials are submitted by one party, a trial court should not transform a 12(b)(6) motion into a summary judgment motion where, as here, the motion has been filed in lieu of an answer, and the parties have neither completed discovery nor formally requested that the motion be converted."). Thus, where plaintiff had no notice of a potential conversion, treating defendant's motion to dismiss as a motion for summary judgment – and thus preventing plaintiff from a voluntary dismissal under Rule 41 – would be improper under Rule 12(d).

In conclusion, because the Hong Kong judgment is a matter of public record subject to judicial notice and may be properly considered on a motion to dismiss, and because plaintiff had

6

no notice that defendant's motion might be converted to a motion for summary judgment, I recommend that plaintiff's request to dismiss his amended complaint without prejudice be granted.[7]

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Kaplan. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) and *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Dated: New York, New York
      September 6, 2013

JAMES L. COTT
United States Magistrate Judge

---

[7] In granting plaintiff's request, the Court should also direct the Clerk of the Court to close the pending motion to dismiss (Dkt. No. 6) and the motion to seal (Dkt. No. 18) as moot.

7