

**BLANK ROME LLP**
COUNSELORS AT LAW

Phone: (609) 750-2644
Fax: (609) 897-7297
Email: Lapidow@BlankRome.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/13

RECEIVED
AUG 21 2013
CHAMBERS OF
JAMES L. COTT
U.S.M.J.

August 21, 2013

<u>VIA FACSIMILE (212) 805-7990</u>
The Honorable Judge James L. Cott
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Lichtenstein v. Cader, No. 13-civ-2690 (LAK)</u>

Dear Magistrate Judge Cott:

We represent defendant Andrew Cader in this matter. We write to explain why this Court should reject plaintiff Warren Lichtenstein's notice of dismissal without prejudice of this action.

Fed.R.Civ.P. 41(a)(1)(A)(i) provides that a plaintiff "may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(A)(i). But courts in this district have consistently held that a plaintiff's right to voluntarily dismiss an action under this rule is extinguished by the filing of a motion to dismiss under Fed.R.Civ.P.12 which relies upon materials outside the pleadings. *JTS Corp. v. GFL Advantage Fund Ltd.*, 1999 U.S. Dist. LEXIS 14540, at **8-9 (S.D.N.Y. Sept. 13, 1999) ("service of a convertible Rule 12(b)(6) motion suffices to prevent plaintiff from filing a Rule 41 notice of dismissal."); *Tedeschi v. Barney*, 95 F.R.D. 182, 183 (S.D.N.Y. 1982) (the filing of a motion to dismiss which is convertible into a motion for summary judgment extinguishes a party's right to file a notice of dismissal under Rule 41); *National Cement Co. v. Mead Corp.*, 80 F.R.D. 703, 704 (S.D.N.Y. 1978) (a Rule 12(b)(6) motion which relies upon "matters outside the pleading" may be treated as a summary judgment motion "for purposes of precluding plaintiff from voluntarily dismissing his action pursuant to Rule 41."). Applying this standard, it is clear that Mr. Lichtenstein's notice of dismissal without prejudice is improper and should be rejected.

Mr. Cader moved to dismiss Mr. Lichtenstein's claims alleged in his Amended Complaint, relying upon materials outside Mr. Lichtenstein's pleadings in this case. Mr. Cader relies, in part, on the written final judgment entered by the Hong Kong High Court and the factual and legal findings made therein, including that that Court ruled that the Mr. Cader's payments to Ms. Bond had no bearing on the amount of support that the Hong Kong High Court ordered Mr. Lichtenstein to

301 Carnegie Center 3rd Floor Princeton, NJ 08540
A Pennsylvania LLP Stephen M. Orlofsky, New Jersey Administrative Partner
www.BlankRome.com

114877.00612/50517840v.2

Boca Raton • Cincinnati • Hong Kong • Houston • Los Angeles • New York • Philadelphia • Princeton • Shanghai • Washington • Wilmington

The Honorable Judge James L. Cott
August 21, 2013
Page 2

**BLANK ROME LLP**
COUNSELORS AT LAW

provide for his and Ms. Bond's 6 year old daughter, and that the payments Ms. Bond received from Mr. Cader were loans.

Thus, because Mr. Cader's motion presents matters outside the pleadings, it should be considered a motion to dismiss which is convertible into a motion for summary judgment which extinguishes Mr. Lichtenstein's ability to voluntarily dismiss this case without prejudice under Fed.R.Civ.P 41(a)(1)(A)(i).

Thank you for consideration of this request.

Respectfully submitted,

Seth J. Lapidow, Esq.

cc:   Stanley S. Arkin, Esq. (via email)

114877.00612/50517840v.2