USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/13

ARKIN SOLBAKKEN LLP

590 Madison Avenue
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

Alex Reisen
Counsel
Direct Dial: (212) 333-0258
E-mail: areisen@arkin-law.com

August 21, 2013




**VIA FAX**

Hon. James L. Cott, U.S.M.J.
United States Courthouse, 500 Pearl St.
New York, NY 10007-1312

**Re: *Lichtenstein v. Cader*, 13-civ-2690-LAK-JLC**

Dear Magistrate Judge Cott:

We represent Plaintiff in the above-captioned case, and write in response to Defendant's letter dated August 21, 2013. Defendant requests that the Court consider Defendant's pending motion to dismiss (the "Motion") to be "convertible into a motion for summary judgment which extinguishes Mr. Lichtenstein's ability to voluntarily dismiss this case without prejudice under Fed.R.Civ.P 41(a)(1)(A)(i)." Defendant concedes that the sole basis for his assertion that the Motion is convertible to summary judgment is that it relies on the publicly available judgment of the Hong Kong Court regarding Mr. Lichtenstein's support obligations (the "Judgment"). But Defendant's request should be rejected, as: (1) the Court may take judicial notice of the Judgment; and (2) reliance upon material of which a court may take judicial notice is insufficient in this Circuit to convert a motion to dismiss to summary judgment.

First, as Defendant does not dispute, the Judgment is publicly available, as well as published and available on the Hong Kong Court's website.[1] Thus, the contents of the Judgment are subject to judicial notice because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See, e.g., Kaggen v. I.R.S.*, 71 F.3d 1018, 1023 (2d Cir. 1995) (internal quotation marks omitted). Second, it is clear in this Circuit that reliance upon material of which a court may take judicial notice is insufficient to convert a motion to dismiss to one for summary judgment. *See, e.g., Garanti Finansal Kiralama A.S. v. Aqua Marine and Trading Inc.*, 697 F.3d 59, 63 n.4 (2d Cir. 2012) (a motion to dismiss is not could convertible to a motion for summary judgment based on its reliance upon material of which judicial

[1]The opinion can be found on the Hong Kong Court's website at the following web address:
http://legalref.judiciary.gov.hk/lrs/common/search/search_result_detail_frame.jsp?DIS=88311&QS=%2B&TP=JU




notice could be taken); Wright & Miller, Federal Practice and Procedure, Sec. 36 & n.33 (3rd ed. 2013) (same). Thus, as the Motion is not convertible to summary judgment – the sole basis for Defendant's request – Plaintiff respectfully requests that the Court approve his notice of voluntarily dismissal without prejudice of this case.

Respectfully submitted,

Alex Reisen

cc: Seth Lapidow, Esq.
Attorney for Defendant